United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-20078

_____

MARVIN GOLDFARB, ET. AL.
                    Plaintiffs

     v.

EL PASO CORPORATION, ET. AL.
                    Defendants

EL PASO CORPORATION
                    Defendant - Appellee

     v.

MAX COHEN
                    Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CV-3443

_____

Before KING, Chief Judge, and BARKSDALE and PRADO, Circuit
Judges.

PER CURIAM:[*]

     This is an appeal from the district court's order staying a

pending state court proceeding.  On December 9, 2004, the

district court entered an order, which provided, in full, that

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

"[t]he action in Delaware court called <u>Max Cohen v. El Paso Corporation</u>, Civil Action 551-N (Del. Ch. Ct.) is stayed." Before issuing its order, the district court did not provide notice and a hearing to appellant Max Cohen as required by FED. R. CIV. P. 65(a)(1).  <u>See</u> <u>Williams v. McKeithen</u>, 939 F.2d 1100, 1105 (5th Cir. 1991) (noting that 65(a)(1)'s notice requirement implies "'a hearing in which the [parties are] given a fair opportunity to oppose the application and to prepare for such opposition'" (quoting <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County</u>, 415 U.S. 423, 433 n.7 (1974))).  The district court also did not set forth any findings of fact or conclusions of law in granting the preliminary injunction as required by FED. R. CIV. P. 52(a).

We agree with the parties that the appropriate procedure in this case is to remand the case to the district court with instructions that the district court provide notice and a hearing as required by FED. R. CIV. P. 65(a)(1) and enter the necessary findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a).

REMANDED.  The preliminary injunction currently in place is hereby VACATED on the earlier of the date of the district court's new order or at the close of business on March 3, 2006.  The mandate shall issue forthwith.